UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

JOYCE DE LA ROSA

                                        Plaintiff,

        v.

TIAGO HOLDINGS, LLC, ALDI, INC., AND
CENTRAL PARKING SYSTEMS OF NEW YORK,
INC.,

                                        Defendants.

---------------------------------------------------------------x

Docket No: 13-cv-695 (GBD)

ECF Case

<u>Electronically Filed</u>

**DEFENDANT CENTRAL
PARKING SYSTEMS OF NEW
YORK, INC.'S ANSWER TO
THE COMPLAINT**

Defendant **Central Parking Systems of New York, Inc. ("Central Parking")**, by its

attorneys, Duane Morris LLP, for itself and on behalf of no other defendant, answers the

Complaint of the Plaintiff by stating as follows:

<u>COMPLAINT</u>

Because the unnumbered paragraph under the heading "Complaint" does not contain

factual allegations, no response is necessary.

<u>NATURE OF THE CLAIMS</u>

1.      Defendant Central Parking denies the allegations in paragraph 1 of the Complaint,

except admits that Plaintiff purports to seek the relief referred to therein, and admits that

Defendant Central Parking leases parking space at 517 East 117th Street.

2.      Defendant Central Parking denies the allegations in paragraph 2 of the Complaint.

<u>JURISDICTION AND VENUE</u>

3.      Defendant Central Parking admits this Court has jurisdiction over this matter but

denies the remainder of paragraph 3 of the Complaint because it does not contain any factual

allegations.

1

4.      Defendant Central Parking denies the allegations in paragraph 4 of the Complaint except admits that venue is proper.

5.      Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the Complaint and on that basis denies the allegations.

6.      Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and on that basis denies the allegations.

7.      Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint and on that basis denies the allegations.

8.      Defendant Central Parking admits that it is licensed to and does business in New York State but does not have knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 8 of the Complaint and on that basis denies the allegations.

9.      Defendant Central Parking denies the allegations in paragraph 9 of the Complaint, except admits that Defendant Central Parking leases parking space at 517 East 117th Street.

10.      Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and on that basis denies the allegations, except admits it has a written lease agreement with co-defendant Tiago Holdings, LLC.

<u>ALLEGATIONS COMMON TO ALL CAUSES OF ACTION</u>

11.     Because paragraph 11 of the Complaint does not contain factual allegations but rather conclusions of law, no response is necessary.  To the extent a response is necessary, Defendant Central Parking denies the allegations in paragraph 11.

12.     Because paragraph 12 of the Complaint does not contain factual allegations but rather conclusions of law, no response is necessary.  To the extent a response is necessary, Defendant Central Parking denies the allegations in paragraph 12.

13.     Defendant Central Parking denies the allegations in paragraph 13 of the Complaint.

14.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint and on that basis denies the allegations.

15.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint and on that basis denies the allegations.

16.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint and on that basis denies the allegations.

17.     Defendant Central Parking denies the allegations in paragraph 17 of the Complaint.

18.     Defendant Central Parking denies the allegations in paragraph 18 of the Complaint.

19.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint and on that basis denies the allegations.

20.     Defendant Central Parking denies the allegations in paragraph 20 of the Complaint.

21.     Defendant Central Parking denies the allegations in paragraph 21 of the Complaint.

22.     Defendant Central Parking denies the allegations in paragraph 22 of the Complaint.

23.     Defendant Central Parking denies the allegations in paragraph 23 of the Complaint.

24.     Defendant Central Parking denies the allegations in paragraph 24, sub-paragraphs (I) through (V) and (XX) through (XLVI) of the Complaint, except Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24, sub-paragraphs (VI) through (XIX) of the Complaint and on that basis denies the allegations.

25.     Defendant Central Parking denies the allegations in paragraph 25 of the Complaint.

26.     Defendant Central Parking denies the allegations in paragraph 26 of the Complaint.

27.     Defendant Central Parking denies the allegations in paragraph 27 of the Complaint.

28.     Defendant Central Parking denies the allegations in paragraph 28 of the Complaint.

29.     Defendant Central Parking denies the allegations in paragraph 29 of the Complaint.

30.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint and on that basis denies the allegations.

31.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the Complaint and on that basis denies the allegations.

<u>FIRST CAUSE OF ACTION</u>
(CONSPIRACY TO DEPRIVE PLAINTIFF OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1985)

32.     Defendant Central Parking repeats and realleges all of its prior responses to the allegations in paragraph 32.

33.     Defendant Central Parking denies the allegations in paragraph 33 of the Complaint.

34.     Defendant Central Parking denies the allegations in paragraph 34 of the Complaint.

35.     Defendant Central Parking denies the allegations in paragraph 35 of the Complaint.

36.     Defendant Central Parking denies the allegations in paragraph 36 of the Complaint.

37.     Defendant Central Parking denies the allegations in paragraph 37 of the Complaint.

38.     Defendant Central Parking denies the allegations in paragraph 38 of the Complaint.

39.     Defendant Central Parking denies the allegations in paragraph 39 of the Complaint.

40.     Defendant Central Parking denies the allegations in paragraph 40 of the Complaint.

41.     Defendant Central Parking denies the allegations in paragraph 41 of the Complaint, except Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity as to co-defendant Tiago Holdings, LLC's alleged "extra usable and selling space," or "rent, and/or percentage" of sales dollars as additional rent, as alleged in paragraph 41 of the Complaint and on that basis denies the allegations.  Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity as to any alleged "benefits" to co-defendant Aldi, Inc. and on that basis denies the allegations.

42.     Defendant Central Parking denies the allegations in paragraph 42 of the Complaint.

43.     Defendant Central Parking denies the allegations in paragraph 43 of the Complaint.

44.     Defendant Central Parking denies the allegations in paragraph 44 of the Complaint, except admits that Plaintiff purports to seek the relief requested in paragraph 44.

<u>SECOND CAUSE OF ACTION</u>
(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

45.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the Complaint and on that basis denies the allegations.

46.     Because paragraph 46 of the Complaint does not contain factual allegations but rather conclusions of law, no response is necessary.

47.     Because paragraph 47 of the Complaint does not contain factual allegations but rather conclusions of law, no response is necessary.

48.     Defendant Central Parking denies the allegations in paragraph 48 of the Complaint.

49.     Defendant Central Parking denies the allegations in paragraph 49 of the Complaint.

50.     Defendant Central Parking denies the allegations in paragraph 50 of the Complaint.

51.     Defendant Central Parking denies the allegations in paragraph 51 of the Complaint.

52.     Defendant Central Parking denies the allegations in paragraph 52 of the Complaint.

53.     Defendant Central Parking denies the allegations in paragraph 53 of the Complaint.

54.     Defendant Central Parking denies the allegations in paragraph 54 of the Complaint.

55.     Defendant Central Parking denies the allegations in paragraph 55 of the Complaint.

56.     Defendant Central Parking denies the allegations in paragraph 56 of the Complaint.

57.     Defendant Central Parking denies the allegations in paragraph 57 of the Complaint.

58.     Because paragraph 58 of the Complaint does not contain factual allegations but rather conclusions of law, no response is necessary.  To the extent a response is necessary, Defendant Central Parking denies the allegations in paragraph 58.

59.     Defendant Central Parking denies the allegations in paragraph 59 of the Complaint.

60.     Defendant Central Parking denies the allegations in paragraph 60 of the Complaint.

THIRD CAUSE OF ACTION<br/>(VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

61.     Defendant Central Parking repeats and realleges all of its prior responses to the allegations in paragraph 61.

62.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Complaint and on that basis denies the allegations.

63.     Defendant Central Parking denies the allegations in paragraph 63 of the Complaint.

64.     Defendant Central Parking denies the allegations in paragraph 64 of the Complaint.

65.     Defendant Central Parking denies the allegations in paragraph 65 of the Complaint.

66.     Defendant Central Parking denies the allegations in paragraph 66 of the Complaint.

67.     Defendant Central Parking denies the allegations in paragraph 67 of the Complaint.

68.     Defendant Central Parking denies the allegations in paragraph 68 of the Complaint.

69.     Defendant Central Parking denies the allegations in paragraph 69 of the Complaint, except denies knowledge or information as to the truth or falsity of Plaintiff's alleged emotional state.

70.     Defendant Central Parking denies the allegations in paragraph 70 of the Complaint, except admits that Plaintiff purports to seek the relief requested in paragraph 70.

FOURTH CAUSE OF ACTION
(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)

71.     Defendant Central Parking repeats and realleges all of its prior responses to the allegations in paragraph 71.

72.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Complaint and on that basis denies the allegations.

73.     Because paragraph 73 of the Complaint does not contain factual allegations but rather conclusions of law, no response is necessary.

74.     Defendant Central Parking denies the allegations in paragraph 74 of the Complaint.

75.     Defendant Central Parking denies the allegations in paragraph 75 of the Complaint.

76.     Defendant Central Parking denies the allegations in paragraph 76 of the Complaint.

77.     Defendant Central Parking denies the allegations in paragraph 77 of the Complaint.

78.     Because paragraph 78 of the Complaint does not contain factual allegations but rather conclusions of law, no response is necessary.  To the extent a response is necessary, Defendant Central Parking denies the allegations in paragraph 78.

79.     Defendant Central Parking denies the allegations in paragraph 79 of the Complaint.

80.     Defendant Central Parking denies the allegations in paragraph 80 of the Complaint.

81.     Defendant Central Parking denies the allegations in paragraph 81 of the Complaint.

82.     Defendant Central Parking denies the allegations in paragraph 82 of the Complaint.

83.     Defendant Central Parking denies the allegations in paragraph 83 of the Complaint.

84.     Defendant Central Parking denies the allegations in paragraph 84 of the Complaint.

85.     Defendant Central Parking denies the allegations in paragraph 85 of the Complaint.

86.     Defendant Central Parking denies the allegations in paragraph 86 of the Complaint, except admits that Plaintiff purports to seek the relief requested in paragraph 86.

<u>FIFTH CAUSE OF ACTION</u>
(VIOLATION OF THE NEW YORK STATE CIVIL RIGHTS LAW)

87.     Defendant Central Parking repeats and realleges all of its prior responses to the allegations in paragraph 87.

88.     Defendant Central Parking denies the allegations in paragraph 88 of the Complaint.

89.     Defendant Central Parking denies the allegations in paragraph 89 of the Complaint.

90.     Defendant Central Parking does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 90 of the Complaint and on that basis denies the allegations.

SIXTH CAUSE OF ACTION
(COMMON LAW NEGLIGENCE)

91.     Defendant Central Parking repeats and realleges all of its prior responses to the allegations in paragraph 91.

92.     Defendant Central Parking denies the allegations in paragraph 92 of the Complaint.

93.     Defendant Central Parking denies the allegations in paragraph 93 of the Complaint.

94.     Defendant Central Parking denies the allegations in paragraph 94 of the Complaint.

95.     Defendant Central Parking denies the allegations in paragraph 95 of the Complaint.

96.     Defendant Central Parking denies the allegations in paragraph 96 of the Complaint.

97.     Defendant Central Parking denies the allegations in paragraph 97 of the Complaint.

INJUNCTIVE RELIEF

98.     Defendant Central Parking denies the allegations in paragraph 98 of the Complaint and denies that Plaintiff is entitled to the relief requested.

99.     Defendant Central Parking denies the allegations in paragraph 99 of the Complaint and denies that Plaintiff is entitled to the relief requested.

100.    Defendant Central Parking denies the allegations in paragraph 100 of the Complaint and denies that Plaintiff is entitled to the relief requested.

DECLARATORY RELIEF

101.    Defendant Central Parking denies the allegations in paragraph 101 of the Complaint and denies that Plaintiff is entitled to the relief requested.

ATTORNEYS' FEES, EXPENSES AND COSTS

102.    Defendant Central Parking denies the allegations in paragraph 102 of the Complaint and denies that Plaintiff is entitled to the relief requested.

PRAYER FOR RELIEF

103.    Defendant Central Parking denies the allegations in paragraph 103 of the Complaint and denies that Plaintiff is entitled to the relief requested.

Defendant Central Parking denies that Plaintiff is entitled to any of the relief demanded in the Wherefore clause of the Complaint or to any other relief.

Defendant Central Parking denies each and every allegation in the Complaint not specifically admitted herein.

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant Central Parking alleges the following defenses.  In asserting these defenses,

Case 1:13-cv-00695-GBD   Document 27   Filed 05/29/13   Page 13 of 15

Defendant Central Parking does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

## FIRST DEFENSE

The Complaint, and each purported claim alleged therein, fails to state facts sufficient to constitute a claim upon which any relief may be granted.

## SECOND DEFENSE

The Complaint, and each purported claim alleged therein, is barred in whole or in part by the applicable statute of limitations and/or administrative filing periods and/or by the failure to satisfy the statutory and administrative prerequisites to the bringing of the claim.

## THIRD DEFENSE

Upon information and belief, Plaintiff is not disabled within the meaning of federal, state or city law.  Assuming that Plaintiff suffered from a qualifying disability, Plaintiff could not, with reasonable accommodation, enjoy the right or rights in question.

## FOURTH DEFENSE

To the extent that Plaintiff made any request for an accommodation, Defendant Central Parking provided Plaintiff with a reasonable accommodation.  To the extent Defendant Central Parking denied an accommodation, such accommodation was unreasonable and/or would have caused the Defendant Central Parking undue hardship.

## FIFTH DEFENSE

Plaintiff lacks Standing to bring this action.

## SIXTH DEFENSE

Some or all of the alleged violations are not related to Plaintiff's alleged disability.

13

## SEVENTH DEFENSE

Assuming arguendo, that Plaintiff has been subjected to barriers, then removal of such barriers is not readily achievable.

## EIGHTH DEFENSE

Assuming arguendo that Plaintiff has been subjected to barriers, the defendant provides equivalent facilitation in its policies and procedures.

## NINTH DEFENSE

Assuming arguendo that Plaintiff has been subjected to barriers, then the cost of removal of such barriers is disproportionate to cost of any alteration to a primary function area.

## TENTH DEFENSE

The modifications Plaintiff demands are not reasonable or readily achievable, and/or would impose an undue hardship  and undue burden on Defendant Central Parking, and/or would fundamentally alter the services or facilities.

## ELEVENTH DEFENSE

Plaintiff failed to provide notice to Defendant Central Parking of any alleged violations of the ADA, NY Executive Law, and NYC Administrative Code, prior to filing suit.

## TWELFTH DEFENSE

To the extent that Plaintiff seeks alterations or modifications to facilities that have already been made, Plaintiff's claims are moot.

## THIRTEENTH DEFENSE

Defendant Central Parking is informed and believes and thereon alleges that Plaintiff is barred in whole or in part from recovering any damages by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate her alleged damages.

## FOURTEENTH DEFENSE

Subject to proof during discovery, Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel and/or unclean hands.

## FIFTEENTH DEFENSE

Subject to proof during discovery, all or part of Plaintiff's claims for damages are barred or limited by the doctrine of after-acquired evidence.

## SIXTEENTH DEFENSE

Because no discovery has been taken at this stage of the case, Defendant Central Parking reserves the right to file and serve additional defenses.

**WHEREFORE,** Defendant Central Parking demands judgment dismissing the Complaint with prejudice, together with attorneys' fees, costs and disbursements in this action. Defendant Central Parking objects to a trial by jury of all issues and matters including but not limited to, those issues and matters relating to equitable relief.

Dated: New York, New York
       May 29, 2013

                    DUANE MORRIS LLP

                    By: /s/ Michael Tiliakos, Esq.
                        Michael Tiliakos, Esq. (MT 1678)
                        1540 Broadway
                        New York, New York 10036
                        Telephone:  (212) 692-1000
                        Facsimile:   (212) 202-6231
                        Email:  mtiliakos@duanemorris.com
                        *Attorneys for Tiago Holdings, LLC and*
                        *Central Parking Systems of New York, Inc.*